**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-30376
Summary Calendar

_____

JAN W. GORMAN, wife of;
JAMES E. GORMAN, JR

                                        Plaintiffs-Appellants,

VERSUS

PAUL L. BILLINGSLEY, attorney at law;
COREGIS INSURANCE COMPANY

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(98-CV-710-S)
_____

November 30, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.
Per Curiam:[*]

     Plaintiffs James and Jan Gorman appeal the district court's

entry of summary judgment and order dismissing their legal

malpractice claim.  They argue that the district erred in holding

that Louisiana's statute of limitations bars their claim.  For the

reasons that follow, we affirm the judgment of the district court.

                              I.

     James  Gorman,  worked  as  a  photographer  for  Southeastern

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana University from September 1985, until March 1986. In the course of his work, Gorman used photographic chemicals manufactured and marketed by the Eastman Kodak Company ("Kodak"). At some point, Gorman became aware that he was losing his sense of smell. On June 3, 1994, his doctor, Dr. Stephen Waldo, determined that the loss probably resulted from Gorman's exposure to the darkroom chemicals. In January 1996, Dr. Pervez Mussarat confirmed that Gorman suffered from permanent amnosia -- loss of smell.

Gorman considered suing Kodak and accordingly sought the legal advice and services of the Defendant, Paul Billingsley, an attorney licensed to practice law in the state of Louisiana. The Gormans initially believed that Billingsley was pursuing their case against Kodak, but after several months went by without hearing from Billingsley, the Gormans sought new counsel.

New counsel filed suit against Kodak on December 17, 1996, in Louisiana state court. Kodak removed the case to federal court. On February 28, 1997, Kodak filed an answer, arguing that Louisiana's prescriptive period for tort claims had expired. On September 9, 1997, Kodak filed a motion for summary judgment, again invoking the prescriptive period. The district court granted Kodak's motion and entered summary judgment. The court explained that because Gorman knew of his medical condition and his likely claim in June 1994, the prescriptive period expired in June 1995. See La. Civ. Code Ann. art. 3492 (establishing a one-year prescriptive period for tort actions). Accordingly, the court held that the statute barred the Gormans' claim.

2

The Gormans' filed this action against Billingsley and his insurer on March 5, 1998, in Louisiana state court. They allege that Billingsley committed legal malpractice by allowing the prescription period to run on their claim against Kodak. The Defendants filed a motion for summary judgment, arguing that Louisiana's statute of limitations on attorney malpractice claims bars the Gormans from bringing this cause of action. The district court granted the defendant's motion.

## II.

Louisiana law bars individuals from bringing attorney malpractice claims, "unless filed in a court of competent jurisdiction . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." La. Rev. Stat. Ann § 9:5605. In addition, plaintiffs must bring any action for malpractice within three years from the date of the alleged act, omission, or neglect, even if the plaintiff files the action within a year of discovering the act or omission. Id.

The Gormans argue that they did not discover their cause of action against Billingsley until September 9, 1997, when Kodak filed its summary judgment motion. They therefore contend that the prescription period did not elapse until September 9, 1998 -- several months after they filed this action.

The prescription period begins to run as soon as an individual discovers or should have discovered the alleged malpractice. La.

Rev. Stat. Ann. § 9:5605. "Prescription on a legal malpractice case for failure to file suit timely begins to run when the exception of prescription is filed with the court, rather than later when the exception is sustained." Lirette v. Roe, 631 So.2d 503, 505 (La. Ct. App. 1994).

The prescription period on the Gormans' legal malpractice claim began to run on February 28, 1997, when Kodak first raised the affirmative defense of prescription. At this point, the Gormans should have become aware that they had a potential cause of action against Billingsley. Even if the Gormans did not become personally aware that the prescriptive period on their claim against Kodak had run, they had constructive knowledge of this fact as soon as Kodak served the Gormans' attorney with its answer. See Lirette, 631 So.2d at 505 (Louisiana courts impute the knowledge of an attorney to the client). Nevertheless, the Gormans did not file a complaint against their former attorney until March 5, 1998 -- five days after the prescriptive period had run. Accordingly, the district court properly held that the prescriptive period barred the Gormans' claim.

AFFIRMED.

4